UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SEAN M. JONES, | ) | CASE NO. 1:12 CV 2666 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| BETH MILLER, *et al.*, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Sean M. Jones filed this action under 42 U.S.C. § 1983 against the Cuyahoga County Jail Medical Department and Cuyahoga County Jail Nurse Beth Miller. In the Complaint, Plaintiff alleges he erroneously was given his cellmate's medications and suffered a serious reaction. He asks that the Defendants be "dealt with in the court of law." (ECF No. 1 at 5).

**Background**

Plaintiff's Complaint is very brief. He alleges that on or near August 8, 2012, Nurse Beth Miller came to his cell in the Cuyahoga County Jail and distributed medication to him. The medication was intended for his cellmate, Gabriel Brown. Plaintiff indicates that a short time later, he began to experience serious effects from the medication, including extreme dizziness, shaking, and sweating. He was immediately taken to the infirmary where another nurse checked his blood

sugar levels and determined they were dangerously low. Plaintiff was given intravenous sugars for twenty-four hours, and was then moved to the medical block of the jail where he was checked every two hours.

Two days later, on August 10, 2012, Plaintiff was moved from the medical block back to the general population of the jail. He was given a matt on the floor until a bed became available. He alleges he has a bad back which was exacerbated by lying on the floor. He indicates he was moved back to the infirmary two hours later and was placed on medication to relieve the pain in his back. He indicates he would like Beth Miller and the jail's medical department to answer to him in Court because he nearly died from taking the wrong medication.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## Analysis

As an initial matter, Plaintiff fails to identify any legal claims he intends to assert in this action. Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir.1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. There are three possible claims which could be actively construed from Plaintiff's Complaint. Plaintiff could be attempting to assert two claims under the Fourteenth Amendment, one for deliberate indifference to serious medical needs associated with the distribution of medication to the wrong inmate, and the other pertaining to his bunk assignment as the mat on the floor. A third possible claim Plaintiff may be asserting is one for medical malpractice.

-3-

Plaintiff fails to state a claim upon which relief may be granted with respect to receiving medication intended for his cellmate and with respect to his temporary assignment to a mat on the floor as a bunk. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). It prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain" or which results in the denial of "the minimal civilized measure of life's necessities." *Id.* at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir.1998). Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir.1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir.1994); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir.1988)(stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element

showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff's allegations regarding his physical reaction to the wrong medication are sufficient to suggest his medical condition was objectively serious. The inquiry, however, does not stop there. Plaintiff must also show that the Defendants were subjectively culpable. The subjective component requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. An inmate must show that prison officials had "a sufficiently culpable state of mind" in denying medical care. *Id.* at 834. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The allegations presented by the Plaintiff do not establish that the Defendants were subjectively culpable. He contends Nurse Miller erroneously gave him his cellmate's medications. Plaintiff does not allege that she acted deliberately or with a conscious disregard to Plaintiff's health or safety. Instead, the facts suggest at best that she was negligent in confirming the identity of her patient before administering the medication. Allegations of negligence do not satisfy the subjective component of an a claim for relief under the Eighth or Fourteenth Amendments.

Plaintiff's potential claim concerning his temporary assignment to a mat on the floor fails to meet the objective component of a claim under the Eighth or Fourteenth Amendments. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." Rhodes, 452 U.S. at 348. In sum, the objective component of an Eighth Amendment affords protection against extreme conditions of confinement, but not against those which cause mere discomfort or inconvenience. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation). While overcrowded conditions which require some inmates to sleep on the floor can be restrictive and even harsh, they do not violate the Eighth Amendment unless they deprive the inmate of the minimum of life's necessities. *Rhodes*, 452 U.S. at 347. Plaintiff does not allege facts to demonstrate that the temporary sleeping arrangement constituted an extreme deprivation that society considers intolerable.

Plaintiff alleges that lying on the mat aggravated an injury to his back. Two hours after receiving the bedding assignment, he was moved back to the medical unit. In addition to being a very brief assignment, Plaintiff fails to demonstrate that any of the Defendants was responsible for the original sleeping assignment, or was deliberately indifferent to his medical condition once he made the jail staff aware of his discomfort. This claim therefore also fails to meet the subjective component on an Eighth or Fourteenth Amendment claim.

To the extent Plaintiff may have intended to assert a claim of medical malpractice against Nurse Miller, this Court lacks jurisdiction to entertain that cause of action. Medical malpractice

is a state law claim. This Court could entertain a state law claim if diversity of citizenship is the basis for federal subject matter jurisdiction. Title 28 U.S.C. § 1332(a)(1) vests federal district courts with jurisdiction in cases of sufficient value between "citizens of different States." The Court equates the citizenship of a natural person with the state in which he is domiciled. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, the plaintiff must allege all the parties' citizenships so that the existence of complete diversity can be established. *Boladian v. UMG Recordings, Inc.*, No. 03-2148, 2005 WL 14981 at 2 (6th Cir. Jan. 3, 2005). In this case, Plaintiff lists the addresses of all parties as the Cuyahoga County Jail. He does not include any facts to suggest diversity of citizenship could be the basis of subject matter jurisdiction to bring this state law claim into federal court.

In addition, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The federal court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed plaintiff's federal law claims, this court declines jurisdiction to hear plaintiff's state law claim for medical malpractice.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith.[2]

        IT IS SO ORDERED.


                                                    S/Dan Aaron Polster
                                                    DAN AARON POLSTER
                                                    UNITED STATES DISTRICT JUDGE

March 22, 2013

---

[2] 28 U.S.C. § 1915(a)(3) provides:

      An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.